IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DYNOCOM INDUSTRIES, INC.,** | |
| **Plaintiff,** | C.A. No.: 25-13150 |
| v. | |
| **DYNOJET RESEARCH, INC.** | |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Dynocom Industries, Inc. ("Dynocom"), by counsel, files this complaint against Defendant, Dynojet Research, Inc. ("Dynojet"), for patent infringement and, in support thereof, Plaintiff states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to enjoin the manufacture, importation, distribution, use, sales, and offers to sell by Defendant of a certain product known as the Model Vector – X4000 hub dynamometer ("Accused Product") that infringes or contributes toward the infringement of a valid and enforceable U.S. Patent owned by Plaintiff, as well as for monetary damages for Defendant's willful infringement.

**PARTIES**

2. Dynocom is a corporation organized under the laws of the State of Texas with its principal place of business at 2447 Riverbend West Drive, Fort Worth, TX 76118.

3. Upon information and belief, Dynojet has its main office in the United States at 2500 N Buffalo Ste 140, Las Vegas, NV 89128.

1

## JURISDICTION AND VENUE

4. This action arises pursuant to Chapter 35 of the United States Code regulating and protecting patents. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§1331, 1338(a), as the case involves Dynojet's infringement of U.S. Patent No. 8,505,374 ("the '374 Patent").

5. Personal jurisdiction is proper in this Court because Dynojet is offering the Accused Product for sale on its website: https://www.dynojet.com/hub-dyno/ and have made sales in the district.

6. Venue is proper under 28 U.S.C. § 1391(b)(3).

## THE PATENT-IN-SUIT

7. On August 13, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,505,374 ("'374 Patent," attached as Exhibit A), titled "Portable On Vehicle Dynamometer", to Dynocom.

8. Any required maintenance fees have been paid, and the '374 Patent has not expired.

9. Dynocom is the owner by assignment of the entire right, title, and interest in the '374 Patent and, thus, has standing to sue for infringement of the '374 Patent.

10. Paul N. Arseneau ("Mr. Arseneau") is the founder of Dynocom and the sole inventor of the '374 Patent.

11. On December 10, 2009, Mr. Arseneau filed a non-provisional application, U.S. Patent Application No. 12/635,694 ("'694 Application").

12. Mr. Arseneau assigned the '694 Application to Dynocom.

13. The '694 Application issued as the '374 Patent on August 13, 2013.

2

14. The '374 Patent issued in the name of Dynocom.

## FACTS

15. Dynocom was founded by Paul Arseneau in 2004 with the goal of designing and manufacturing innovative chassis dynamometers. In 2006, due to high demand in the United States, Dynocom opened its Texas manufacturing facility.

16. Dynocom's products have attained global support and recognition. The company has distributed its products in the United States and worldwide.

17. Recognizing this success, Dynojet made an initial offer to buy Dynocom in a letter of intent, dated March 11, 2021 ("LOI," attached hereto as Exhibit B).

18. In the LOI, Dynojet's President & CEO, Dave Martinez, expressed "[w]e have tremendous respect for the Dynocom brand and admire the growth the Company has achieved…[and] are confident that the combination of Dynocom and Dynojet will create a leading dynamometer platform positioned for strong growth." Ex. B, 1.

19. Subsequently, on or around June 2022, Dynocom and Dynojet, through their respective private equity companies, entered into a nondisclosure agreement to discuss Dynojet's potential acquisition of Dynocom.

20. During those discussions, Dynocom disclosed confidential information, including, but not limited to, subject matter regarding the '374 Patent and Dynocom's product(s) embodying said patent.

21. Dynojet was well aware of Dynocom's patent portfolio, including the '374 Patent, which was one of the primary reasons Dynojet was interested in acquiring Dynocom.

22. Unfortunately, the merger between Dynocom and Dynojet never happened, but Dynojet was still interested in Dynocom's technology, and the companies were even discussing the potential of Dynojet licensing the '374 Patent from Dynocom as recently as June 2025.

23. However, there came a point when Dynojet was, suddenly, no longer interested in licensing the '374 Patent, and, in one of their calls, Mr. Martinez expressed to Allison Blackstein, a principle at Dynocom, that he believed Dynojet could get around the '374 Patent.

24. Then, on September 24, 2025, Dynocom became aware that Dynojet had already been producing and was now planning to sell the Accused Product when viewing Dynojet's "2025 Automotive Dynamometer Price List," attached hereto as Exhibit C.

25. Dynojet's description of the standard features and equipment for the Accused Product closely resembles the features of Dynocom's product(s) that embody the '374 Patent and is being offered for a cheaper price. Ex. C, 4.

26. Now, despite clear knowledge of the '374 Patent, Dynojet has developed, manufactured, and offered to sell the Accused Product on the following webpage: https://www.dynojet.com/hub-dyno/, attached hereto as Exhibit D.

27. The Accused Product includes, and is marketed with, identical features to those claimed and protected by the '374 Patent. Ex. D, 2-4.

28. Hence, Dynojet is, among other things, manufacturing, importing, using, selling, and/or offering to sell the Accused Product with clear knowledge, which willfully infringes the '374 Patent.

4

29. Consequently, Plaintiff's right to relief arises out of the same transaction, occurrence, and/or series of transactions or occurrences relating to the making, importing, using, offering for sale, and/or selling the same infringing product.

## COUNT 1
## (INFRINGEMENT OF THE '374 PATENT)

30. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

31. Plaintiff is the owner of the entire right, title, and interest in the '374 Patent.

32. Dynojet manufactures, uses, imports, distributes, offers to sell, and/or sells in the United States one or more hub dynamometers branded as Model Vector – X4000 that infringe the '374 Patent.

33. Claim 1 of the '374 Patent recites:

> A portable on vehicle dynamometer for determining power output from a drive shaft, comprising:
>
> a rigid frame;
>
> a load shaft rotatably coupled to said rigid frame;
>
> an eddy current brake having a stator connected to said rigid frame, and a rotor connected to said load shaft;
>
> a hub coupling secured to a first end of said load shaft and connected directly to the drive shaft for transferring power to the load shaft, wherein said hub coupling, said drive shaft and said load shaft co-axially rotate;
>
> said rigid frame having two outwardly extending support arms, and arm locks which secure said outwardly extending support arms in fixed positions;

5

support feet assemblies mounting to respective ones of outer ends of said support arms; and

two roller assemblies mounted to a lower end of said rigid frame, providing multidirectional movement of said dynamometer.

34. As demonstrated in Exhibits C and D, Dynojet is actively making, using, offering to sell, and selling a hub dynamometer that incorporates each and every limitation of Claim 1 of the '374 Patent.

35. Dynojet's infringement of the '374 Patent has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement, which in no event can be less than a reasonable royalty.

36. Dynojet's infringement of the '374 Patent has been willful, because Dynojet made, used, offered for sale, and sold infringing products after Dynojet was given actual notice and knew or should have known of such risk when it infringed the '374 Patent.

37. Plaintiff has been, and continues to be, damaged and irreparably harmed by Dynojet's infringing conduct, which will continue unless enjoined by this Court.

## JURY DEMAND

Dynocom demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

Wherefore, Dynocom respectfully request that the Court enter judgment in their favor and against Dynojet as follows:

A. A judgment holding Defendant liable for infringement of the '374 Patent;

B. A temporary restraining order, preliminary injunction, and permanent injunction against Defendant, its officers, agents, servants, employees, attorneys,

parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '374 Patent, including without limitation, an injunction against offers for sale and future sales of the infringing product;

C. An accounting for damages and an award of compensatory damages resulting from Defendant's infringement of the '374 Patent, together with pre-judgment and post-judgment interest;

D. A judgment holding that Defendant's infringement of the '374 Patent is willful and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A judgment holding that this action is an exceptional case and an award to Plaintiff for its attorney's fees and costs pursuant to 35 U.S.C. § 285 and other authority;

F. A judgment that Plaintiff be awarded its costs incurred herein; and

G. Such other relief as the Court deems just and equitable.

Date: October 27, 2025.

Respectfully Submitted By,
Attorneys for Plaintiff
Dynocom Industries, Inc.

/s/ Brendan M. Shortell
Brendan M. Shortell (BBO# 675851)
Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110
Main: (617)-720-0091
shortell@lambertpatentlaw.com